Paul J. Widlitz, J.
In this special proceeding pursuant to article 78 of the CPLR, this matter is remanded to the Director of the Public Employment Relations Board of the State of New York for a determination by him as to whether petitioner has made a sufficient showing of interest to require an election to determine the certification of a representative bargaining unit for the “ blue collar workers ” employed by the Town of Babylon.
No determination was ever made as to the number of employees constituting this bargaining unit and whether or not a sufficient number of employees in this unit have indicated by dues payment, membership, or authorizations, a desire that petitioner represent them in negotiations with their employer. It may well be that the action of petitioner in submitting authorization cards of dubious validity has caused the Director concern as to the responsibility of petitioner. The Taylor Law, however, was designed to give employees a choice in designating who was to represent them and the question presented is not whether PERB or the Town of Babylon desires to deal with petitioner, but whether or not it is the desire of the employees within the bargaining unit that this union represent them. It is for the employees alone to decide on the responsibility of a particular union and whether that union is properly able to represent them. This decision cannot be usurped by the director of representation.
Accordingly, this matter is remanded to the Director for any further appropriate investigation and for a determination based upon the criteria set forth in the Civil Service Law and the Rules and Regulations of Public Employment Relations Board.